PETER JACOBS

*v.*

WILLIAM HAYES.

PREVENTION OF DOMESTIC ANIMALS FROM RUNNING AT LARGE—*who may order election under act of* 1867. The 10th section of the act of 1867, entitled "An act to prevent domestic animals from running at large in the counties of Monroe, St. Clair, and other counties," provides that, " in case

a majority of the votes cast are against keeping up stock, the county court of said county shall have power, at any regular term thereafter, to submit the same question to the voters of said county at any subsequent regular November election, in manner aforesaid," etc: *Held*, that, in counties having adopted township organization, the power conferred by this section to order a new election was upon the county court, and not upon the board of supervisors.

APPEAL from the County Court of La Salle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

Mr. H. K. BOYLE, and Mr. T. S. BOWEN, for the appellant.

Messrs. MAYO & WIDMER, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

Hayes sued Jacobs before a justice of the peace of La Salle county, for damages done to his unenclosed crops by Jacob's cattle while running at large.

The case was appealed to the county court of that county, where it was tried before the court and a jury. Hayes recovered, and Jacobs brings the case to this court by appeal.

The whole case turned upon the validity of a vote by the electors of that county, taken at the November election of 1868, under an order of said county court made on the first Monday of June, the same year. The election resulted in a majority for " keeping up stock."

This was under the provisions of an act approved March 7th, 1867, entitled " An act to prevent domestic animals from running at large in the counties of Monroe, St. Clair, and other counties."

The same question had been submitted to the voters of La Salle county, one of the counties mentioned in the act, at the regular election in 1867, and there was then a majority " against keeping up stock." The 10th section of the act provides that, " in case a majority of the votes cast are 'against keeping up stock,' the county court of said county shall have

power, at any regular term thereafter, to submit the same question to the voters of said county at any subsequent regular November election, in manner aforesaid," etc.

The grounds upon which the validity of the second vote is assailed, are these: (1). La Salle county being under township organization, the power of ordering the vote taken legitimately belonged to the board of supervisors, and such board will be deemed to have been intended by the legislature in the use of the term "county court." (2.) Even conceding that the legislature intended the power to be exercised by the county court, still it could be done only at a regular term; and by the acts of 1849 and 1859, relating to county courts and the terms thereof, no regular term could be holden on the first Monday in June.

Neither of these grounds is tenable. The legislature had the constitutional authority to vest the power in question in the county court as well as in the board of supervisors.

We are bound to presume that the legislature knew that La Salle county, and most of the other counties to which the provisions of that act were made applicable, were respectively under township organization, and had boards of supervisors which might appropriately exercise this power. But, knowing this, they nevertheless saw fit to confer it in plain and unambiguous language upon the county courts. There is no basis for construction or interpretation, because there is no ambiguity; the sense is manifest.

The second ground is equally untenable. By an act approved Feb. 15, 1855, it is declared that, "in all counties in this State which have adopted or shall hereafter adopt 'township organization,' the December, March, June and September terms of the county court shall commence on the first Mondays of said months respectively."

The other objection is still less worthy of consideration, and the judgment of the court below must be affirmed.

*Judgment affirmed.*